UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK M. BAFFORD,

    Plaintiff,

vs.                                     Case No. 8:06-CV-657-T-27TGW

TOWNSHIP APARTMENTS ASSOCIATES,
*et al.*,
    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Township Apartments Associates, Ltd.'s ("Township") Motion to Dismiss Count II (Dkt. 19) and Plaintiff's Response (Dkt. 22). Upon consideration and for the reasons stated below, Defendant's Motion to Dismiss Count II (Dkt. 22) is **GRANTED**.

### Background

This case involves allegations that Defendant Township refused to sell 348 apartments located in 13 separate apartment complexes to Plaintiff because he is African-American. Plaintiff alleges that after reaching an oral agreement as to the terms for the purchase of the properties with an agent for Township, including a purchase price of $7.3 million, he faxed a contract to the agent. (Dkt. 1 at ¶¶ 26, 37). Plaintiff alleges that he was subsequently informed that Township would be putting the properties on the market with a realtor for a price of $8 million rather than $7.3 million. (Dkt. 1 at ¶ 40). Plaintiff alleges that Township did not sign the contract because of the illegal act of discrimination. (Dkt. 1 at ¶ 40). Plaintiff alleges that he then offered $8 million for the property and requested that Township sign the contract. (Dkt. 1 at ¶ 41). Plaintiff alleges that "the sellers did

not sign the second contract agreed to at $8 million dollars because of the illegal act of discrimination." (Dkt. 1 at ¶ 47). Plaintiff's Complaint alleges causes of action for violations of 42 U.S.C. sections 1981 and 1982 (Count I) and specific performance (Count II).[1] Township has moved for dismissal of Count II based on Florida's Statute of Frauds. *See* Fla. Stat. § 725.01.

## Applicable Standards

A court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (*citations omitted*); *see also South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, conclusory allegations and unsupported conclusions of fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Jackson v. Bellsouth Telcomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004). "[P]laintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Id.* at 1263. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A corollary to Rule 12 is Rule 8, Federal Rules of Civil Procedure, which requires that a plaintiff provide a short and plain statement of the claim showing that he or she is entitled to relief. The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds

---

[1] Plaintiff's claim for specific performance alleges that "Bafford and Township through Heidiger and Heidiger, Inc., as agents with actual and apparent authority entered into a binding contract pursuant to Heidiger and Heidiger, Inc., negotiations with Bafford." (Dkt. 1 at ¶ 61).

upon which it rests." *Conley*, 355 U.S. at 47. However, in ruling on a motion to dismiss for failure to state a claim, courts should construe a complaint filed by a *pro se* litigant more liberally than if it had been filed by an attorney. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)(citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)(per curiam)).

## Discussion

Township argues that Plaintiff has failed to state a cause of action for specific performance because Plaintiff does not allege that Township signed a written contract for the sale of the properties at issue, in violation of Florida's Statute of Frauds. In response, Plaintiff only argues that the parties have previously argued the validity of Plaintiff's claim for specific performance in a previously filed action that was dismissed without prejudice, Case No. 8:04-cv-1502-T-30MSS (the "previously filed action"), wherein the Court determined that Plaintiff could proceed with his claim for specific performance. *(See* Dkt. 22). Plaintiff, however, is incorrect. In the previously filed action, the district judge dismissed Plaintiff's Fair Housing Act ("FHA") claim with prejudice and dismissed the remainder of Plaintiff's Amended Complaint without prejudice based on Plaintiff's representation that he wished to proceed in state court.[2] *(See* Case No. 8:04-cv-1502-T-30MSS, Dkt. 90).

Florida's Statute of Frauds, section 725.01, Florida Statutes, provides in relevant part that no action shall be brought "upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them ... unless the agreement or promise upon which such

---

[2] In that case, the district judge specifically stated that "[b]ecause Plaintiff has chosen to pursue his claims in state court, it is unnecessary for this Court to address whether Plaintiff would be entitled to specific performance if he were to succeed on his claims under 42 U.S.C. §§ 1981 and 1982." *(See* Case No. 8:04-cv-1502-T-30MSS, Dkt. 98).

action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized." The Statute of Frauds requires that to be enforceable, a contract for the sale of land must be embodied in a written memorandum signed by the party against whom enforcement is sought and must disclose all of the essential terms of the sale. *Cavallaro v. Stratford Homes, Inc.*, 784 So. 2d 619, 621 (Fla. 5th DCA 2001); *Gowni v. BP Corp. N. Am. Inc.*, 2003 WL 24051561, *5 (M.D. Fla. May 9, 2003)(unpublished).

Here, it is undisputed that Plaintiff's claim for specific performance based on the alleged contract entered into between Plaintiff and Township relates to the sale of real property. Accordingly, Plaintiff's claim falls within the purview of Florida's Statute of Frauds. *See* Fla. Stat. § 725.01; *Redd v. Talley*, 584 So. 2d 616, 617 (Fla. 1st DCA 1991). Plaintiff does not allege in his Complaint that Township or any other Defendant signed a written contract for the sale of the properties at issue. To the contrary, Plaintiff affirmatively alleges that Township refused to sign a written contract. Accordingly, even when viewed in the most liberal light available to *pro se* plaintiffs, Plaintiff can prove no set of facts in support of his claim for specific performance that would entitle him to relief. Accordingly, it is

ORDERED AND ADJUDGED that

(1) Defendant Township Apartments Associates, Ltd.'s Motion to Dismiss Count II (Dkt. 19) is **GRANTED**;

(2) Count II of Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE.**

**DONE AND ORDERED** in chambers this 7th day of November, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

4