UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK M. BAFFORD,

Plaintiff,

vs.   Case No. 8:06-CV-657-T-27TGW

TOWNSHIP APARTMENTS
ASSOCIATES, *et al.*,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Reconsider Striking Dkts. 56, 87, and 93, Motion to Enter Rulings on all Motions Contained in Dkt. 56, and Motion not to be Bias (Dkt. 114), Motion to Reconsider Order Denying Collateral Estoppel or Alternatively Motion for Estoppel by Pleading, Equitable Estoppel, Estoppel by Inconsistent Positions and by Acquiescence (Dkt. 115), Plaintiff's Motion to Reconsider Order Denying Motion to Overturn Sale and Motion to Overturn Sale Based Upon Violation of Fourteenth Amendment Rights (Dkt. 116), Plaintiff's Motion to Stay Case Pending Appeal Court's Determination on Collateral Estoppel (Dkt. 117), Plaintiff's Motion to Reconsider Order Dismissing Specific Performance with Prejudice and Motion to Wait Until Receive all Documents to Enter Determination (Dkt. 118), Plaintiff's Motion to Strike or Deny Summary Judgment by Fraud and Motion to Stay Pending Appeal on Stricken Document (Dkt. 119) and Defendants' Opposition (Dkt. 120). Upon consideration and for the reasons stated below, Plaintiff's Motions are **DENIED**.

Plaintiff argues that the Court erred in striking Dkt. 56 as a duplicate of Dkt. 55. (Dkt. 114). Plaintiff is confused as to the identity of the documents. The Court properly struck Dkt. 56 and ruled

on Dkt. 55. A review of the Case Management and Electronic Case Filing System (CM/ECF) shows that Dkt. 55 is the more detailed Amended Emergency Motion signed by Plaintiff on August 16, 2006[1]. The Court specifically ruled on "Plaintiff's pro se Amended Emergency Motion for Injunctive Relief, Motion to Order the Establishment of a Reserve, or Overturn Sales, Motion to Grant Other Relief Available Under the Fraudulent Conveyance Laws, and Motion to Order Investigation" and specifically addressed Plaintiff's fraudulent transfer claim. *See* Dkt. 106.

Further, Dkts. 87 and 93 were properly stricken as replies to responses regarding Plaintiff's motions. It is improper to file a reply to a response without leave of court. *See* Local Rule 3.01(c). There is no requirement that a court notify a *pro se* plaintiff of such a rule before striking improperly filed documents. Accordingly, Plaintiff's Motion (Dkt. 114) is **DENIED**.

Plaintiff's Motion to Determine if Collateral Estoppel Bars Defendants from litigating Civil Rights Violations (Dkt. 76) attached documents from the Florida Commission on Human Relations and the State of Florida Division of Administrative Hearings. None of the attached documents reflect, as Plaintiff suggests, a determination or concession in another forum that Defendants refused to negotiate with Plaintiff because of his race. The Court has already denied Plaintiff's request for a determination that Defendants are collaterally estopped and the result would not differ under Plaintiff's alternative estoppel arguments. Plaintiff's Motion to Reconsider Order Denying Collateral Estoppel (Dkt. 115) is **DENIED**.

Plaintiff's Motion to Reconsider Order Denying Motion to Overturn Sale and Motion to Overturn Sale Based Upon Violation of Fourteenth Amendment Rights (Dkt. 116) is **DENIED**.

Plaintiff's Motion to Stay Case Pending Appeal Court's Determination on Collateral Estoppel (Dkt. 117) is **DENIED**.

---

[1] Dkt. 55 is the Document Plaintiff refers to as Exhibit AA in his Motion and erroneously refers to as Dkt. 56.

Plaintiff's Motion to Reconsider Order Dismissing Specific Performance with Prejudice and Motion to Wait Until Receive all Documents to Enter Determination (Dkt. 118) is **DENIED**. Although the Court has dismissed Plaintiff's Count II for Specific Performance, Plaintiff continues to proceed under Count I, alleging violations of 42 U.S.C. §§ 1981, 1982.

Plaintiff's Motion to Strike or Deny Summary Judgment by Fraud and Motion to Stay Pending Appeal on Stricken Document (Dkt. 119) is **DENIED**. A deposition date has been provided to Plaintiff and the Court has already ordered that the deposition proceed on that date. *(See* Dkt. 113). Further, the striking of Dkts. 56, 87, and 93 have no bearing on Plaintiff's ability to respond to the Summary Judgment Motion. As stated in previous Orders, Plaintiff's response to Defendants' Summary Judgment Motion shall be filed on or before **November 30, 2006.** (*See* Dkts. 104, 113).

Finally, Plaintiff has filed numerous motions for reconsideration in this case. The Court considers Plaintiff's filings an abuse of Plaintiff's rights to access to the courts. Accordingly, no further motions for reconsideration may be filed by Plaintiff in this case absent permission from the Court.

**DONE AND ORDERED** in chambers this 28th day of November, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Plaintiff, pro se