UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK M. BAFFORD,

        Plaintiff,

vs.                                                        Case No. 8:06-CV-657-T-23TGW

TOWNSHIP APARTMENTS, et al.,

        Defendants.
_____/

**ORDER**

**BEFORE THE COURT** are Plaintiff's *pro se* Motion to Stay, Motion to Redo Depo, Motion to Extend Time to Amend Complaint Until Receive all Docs. From Defendants, Motion to Consider Depo from 22nd, and Motion to Extend Time for Discovery (Dkt. 235), Township's Response in Opposition (Dkt. 239), Plaintiff's Motion to Allow to Add Specific Performance to Proposed Amended Complaint and Motion for Extension of Time to File Proposed Amended Complaint (Dkt. 226), and Plaintiff's Motion to Allow to Conduct Deposition of Marcus & Millichap and Darron Kattan (Dkt. 238).

In his Emergency Motion to Stay for Great Emotional Distress (Dkt. 219), Plaintiff alleges that opposing counsel made racial remarks during a deposition break and requested that his deposition be postponed and the case stayed until he could compose himself and seek the care of a physician. A hearing was conducted on Plaintiff's Emergency Motion to Stay for Great Emotional Distress (Dkt. 219) on May 22 and 23, 2007. The Court listened to Plaintiff's tape recording of the conversation that took place during the deposition break and found the comments attributed to the

court reporter and witness to be substantially different than what was presented by Plaintiff.[1] Moreover, notwithstanding Plaintiff's representations in his motion, there were no audible comments by defense counsel on the recording. Indeed, defense counsel represented to the Court during the hearing that he was not even in the room during the entire break.

Plaintiff did not dispute defense counsel's representations. When questioned by the Court about the differences between the content of the recording and the allegations of the content in his motion, Plaintiff explained that he had not carefully listened to the tape before filing his emergency motion. After consideration, the Court denied Plaintiff's motion. The parties were ordered to complete Plaintiff's deposition and the deposition of Township's corporate representative, who was in town from England. Plaintiff's Motion to stay the case was likewise denied.

In the instant motion, Plaintiff again asks for a thirty day stay because Plaintiff has been placed on medication that takes thirty days to "stabalize [sic] in the body." (Dkt. 235). Plaintiff also requests that he be permitted to "redo the deposition conducted on 5-22-07." Plaintiff requests that the Court review the deposition excerpts submitted at the hearing and that he be permitted to amend the Complaint once he receives all of the documents from Defendants, contending that "[t]here are contracts that I cannot get and I have not received my originals." (Id.) Finally, Plaintiff asks the Court for an extension to conduct the remainder of his discovery twenty days after the proposed thirty day stay ends.

Plaintiff first filed his claims against Defendants in federal court in June, 2004, in case 8:04-CV-1502-JSM-MSS. In that action, Plaintiff's request that his Complaint be dismissed without

---

[1] Plaintiff contends that those present knew he was recording the deposition but Defendants contend that they had objected to Plaintiff's request to record the deposition, as a court reporter was present and the rules did not authorize a second recording. Defendants further contend that notwithstanding their objections, Plaintiff surreptitiously made the recording without their knowledge or consent.

prejudice so that he could pursue his claims in state court was granted.[2]  In April 2006, however, Plaintiff filed this federal court action against Defendants, making similar claims as he had made in the earlier federal action.  Plaintiff has been permitted to pursue these claims only against those Defendants to whom he has made payment pursuant to Federal Rule of Civil Procedure, Rule 41(d). (Dkts. 42, 52, 153).

This case is set for Pretrial Conference on August 10, 2007 and for trial during the trial term beginning September 4, 2007. (Dkt. 36).  The discovery cut-off was March 9, 2007.[3]  Plaintiff has not justified the requested delay or extensions.  He previously requested stays in this case because of "exhaustion" (Dkt. 33), medication side effects (Dkts. 46, 60), and a pending criminal investigation (Dkt. 85).  No further delays will be considered.

Plaintiff's request for a thirty day stay is DENIED.  The Court has reviewed the May 21, 2007 deposition excerpts.  Plaintiff's request that he be permitted to "redo the deposition conducted on 5-22-07" is DENIED.  There is no pending motion to compel documents from Defendants. Accordingly, there is nothing for the Court to rule on with respect to Plaintiff's assertion that he has not received all needed documents from Defendants.  Plaintiff's request that he be permitted to amend the Complaint once he receives all the documents from Defendants is DENIED.  The Court explained to Plaintiff during the hearing that any request to amend his complaint must be accompanied by a proposed amended complaint.  Plaintiff's request for an extension of time to conduct the remainder of his discovery is DENIED.  It is apparent and the Court so finds that Plaintiff has not been diligent in his discovery efforts.

---

[2] Plaintiff's claim under the Fair Housing Act was dismissed with prejudice. (See Case 8:04-CV-1502-JSM-MSS, Dkt. 90).

[3] The discovery deadline was extended to June 18, 2007, with respect to Plaintiff's claims against Township due to the Rule 41(d) stay. (Dkt. 214).

Plaintiff also requests that he be permitted to add a specific performance count to the proposed Amended Complaint. The Court dismissed Plaintiff's count for specific performance *with prejudice* based on Plaintiff's allegation that no signed contract existed. (Dkt. 107). Plaintiff now contends that "he has a signed contract," although he does not proffer any such contract and has not explained the inconsistent positions he has taken regarding the existence of a contract. (Dkt. 228). Plaintiff's request is DENIED.

In January 2007, Plaintiff alleged that he could not get deposition dates from Defendants. (Dkt. 144). The Court ordered Marcus & Millichap and Darron Kattan to advise the Court of available deposition dates. (Dkt. 157). Defendants responded the next day that the dates of February 7, 8, 20 and 21 were available dates for depositions. (Dkt. 157). Plaintiff subsequently asked the Court to sanction M&M and Kattan because "M&M still refuse to give BAFFORD more than one date that they are available for depositions." (Dkt. 169). The Court denied Plaintiff's request, observing that "Plaintiff has advanced no reason for his refusal to take the depositions of Defendants" on any of the dates provided and thereafter explained that the ten deposition rule does not contemplate ten depositions of the same party. (Dkts. 187, 197). Plaintiff still has provided no explanation as to why he could not conduct depositions on the provided dates. Again, Plaintiff's conduct demonstrate a lack of diligence in conducting discovery. Accordingly, Plaintiff's request to conduct the depositions of M&M and Kattan is DENIED.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Stay, Motion to Redo Depo, Motion to Extend Time to Amend Complaint Until Receive all Docs. From Defendants, Motion to Consider Depo from 22nd, and Motion to Extend Time for Discovery Stay (Dkt. 235) is **DENIED**;

2. Plaintiff's Motion to Allow to Add Specific Performance to Proposed Amended

Complaint and Motion for Extension of Time to File Proposed Amended Complaint (Dkt. 226) is **DENIED**;

(3) Plaintiff's Motion to Allow to Conduct Deposition of Marcus & Millichap and Darron Kattan (Dkt. 238) is **DENIED**.

**DONE AND ORDERED** in chambers this 5th day of June, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Plaintiff, *pro se*
Counsel of Record